Eleanor M. Zimmerman, Esq. Informal Opinion Town Attorney No. 2002-2 Town of Mayfield 352 County Hwy. 146 Gloversville, New York 12078
Dear Ms. Zimmerman:
You have inquired whether the Town of Mayfield may enact a local law prohibiting the use of old mobile homes (trailers) as storage facilities. The town is concerned that such structures appear unsightly, and may constitute fire hazards or otherwise be unsafe. We conclude that the town may regulate such structures pursuant to N.Y. Town Law §130(16), but that it may not enact a local law that uniformly prohibits such structures without satisfying the Town Law's procedural safeguards regarding removal and repair of unsafe buildings and structures.
Section 130(16) of the Town Law authorizes a town board to enact regulations providing for the removal and repair of unsafe buildings, in accordance with certain enumerated procedural safeguards. Town Law § 130(16)(a)-(e). Before ordering the removal or repair of a building deemed unsafe, the town must provide for an inspection and report by a duly appointed town official; serve notice upon the property owner specifying the particulars in which a building or structure is unsafe or dangerous and an order requiring same to be made safe and secure or removed; specify the time within which the person served may commence the securing or removal of such structures; file the notice in the office of the county clerk in the county within which such building or structure is located; and provide a hearing before the town board. Town Law § 130(16)(a)-(e).
A town may also adopt rules relating to its property, affairs or government which amend or supercede the provisions of the Town Law, provided that the legislature has not expressly prohibited the adoption of such local laws, and that the regulations are not inconsistent with the constitution or any general law. N.Y. Municipal Home Rule Law §10(1)(ii)(d)(3). In delegating police power to local governments, the legislature has also specifically authorized towns to adopt local laws in relation to the government, protection, order, conduct, safety, health and well-being of persons or property therein. Municipal Home Rule Law § 10(1)(a)(12). We have previously opined that "the regulation of unsafe buildings" is clearly an exercise of this broad police power, and that towns may therefore regulate unsafe structures if such regulation is in accordance with both Town Law 130(16) and Municipal Home Rule Law § 10(1)(ii)(d)(3). 1984 Op. Att'y Gen. (Inf.) 176.
We have opined that this police power authorizes the regulation of junk, Op. Att'y Gen. (Inf.) No. 90-5, and may be used to prohibit the parking of vehicles on the front lawns of residential buildings, 1986 Op. Att'y Gen. (Inf.) 60. Consistent with this precedent, we view an old trailer that is used exclusively as a fixed-base storage facility as a structure subject to a town's regulation under Town Law § 130(16) and the town's police power. In our view, this broad delegation of authority may be invoked to regulate trailers by establishing a procedure whereby each trailer is investigated for safety, applying standards established in the local law. Removal of unsafe trailers may be ordered only after the procedural requirements of Town Law § 130(16) have been satisfied.
We believe, therefore, that a town may properly regulate the use of old mobile homes as fixed-base storage facilities pursuant to Town Law §130(16), or its police powers, but that it may not uniformly prohibit such structures in a manner that conflicts with the procedural requirements of Town Law § 130(16).
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this Office.
Very truly yours,
JAMES COLE, Assistant Solicitor General
In Charge of Opinions
By:___________________________
PATRICK J. WALSH
Assistant Solicitor General